## Sadtler v. The Home Pattern Co., Inc.

*Hemphill & Brewster,* for plaintiff and rule; no appearance for defendant.

ALESSANDRONI, J., Jan. 18, 1929.—The statement of claim alleges performance by the plaintiff of an agreement in writing with the defendant dated Feb. 20, 1920. Plaintiff gave defendant exclusive use of patented processes for making smocks and the right as well to copyright in defendant's name and sell a booklet prepared by plaintiff entitled "Simplified Smocking." The defendant, engaged in the business of manufacturing and selling garments and dress patterns, agreed to pay the plaintiff a royalty of 10 per cent. on the gross sales receipts from the sale of the patterns and 2½ cents for each booklet sold by it. Plaintiff contends that defendant has sold her patterns and booklets, has not paid plaintiff in accordance with the agreement, and has refused to render a true and correct account of moneys due plaintiff, save for the sum paid as partial accounting for the year 1925, defendant has totally failed to account to plaintiff since Jan. 1, 1925.

The affidavit of defense admits the agreement alleged by plaintiff and thenceforth proceeds to set up a volume of matter in paragraphs 9, 10, 11 and 13 which we do not deem necessary for the purposes of this motion to consider

in detail. Paragraph 9, in its six pages of vague and immaterial allegations, violates the rules of simplified pleading and is illustrative of the vices aimed at by the Practice Act of 1915. It begins with an averment that the plaintiff's patent, at the time the original agreement sued on by the plaintiff was entered into, was of very little, if any, value. It next avers that it was "impracticable, if not impossible," for defendants to carry out the contract entered into because of the defendants' system of marketing. Averments of this character have no place in the pleadings. Paragraph 9 then proceeds to state that on or about Nov. 11, 1920, the plaintiff agreed to accept $20 weekly "on account of royalties and on the 'Simplified Smocking' books up until August, 1923, when defendant advised plaintiff it could not continue weekly payments of $20, and the weekly payments by defendant to plaintiff were reduced to $10 and so accepted by plaintiff until Dec. 31, 1924."

This is not the statement of a defense to the plaintiff's action in *assumpsit* for an accounting. It is at best an admission that payments were made on account of the royalties and the smocking books. If this is the setting up of a new agreement, correct pleading would require that it be set up under new matter and not under the general issue. Continuing, the paragraph avers the plaintiff accepted the sums of $20 and $10 weekly on account of the amount due her. Again, this does not set forth any defense to the plaintiff's claim for an accounting, inasmuch as it states that these sums were accepted "on account of the amount due her as might thereafter be mutually agreed upon." Section 5 of the Practice Act provides that all allegations shall set forth in a concise and summary form all the material facts on which the party relies. This averment does not state the circumstances or precise terms of the agreement, nor whether these agreements were oral or written contracts. Still, in paragraph 9, the defendant states that on or about Dec. 1, 1925, there was $56.29 due the plaintiff which was paid to her. It avers, in addition, that although the plaintiff made numerous requests for an accounting, she seemed satisfied with the defendant's statement that she was overpaid. This averment is not material and is entirely too vague, if not evasive. Further on there is a statement that the plaintiff agreed to accept the figures of the United States Government officials regarding the defendant's corporation taxes. This kind of pleading is anæmic. There is no specification of the terms, the consideration, if any, whether it was written or oral. The inclusion in paragraph 9 of four letters exchanged between the plaintiff and defendant would be sufficient in itself to strike off the affidavit. There is no need to reiterate the cardinal mandate of section 5, forbidding the incorporation of exhibits in the body of the pleadings. Paragraph 9 also violates the provision of section 5 of the Practice Act, which requires that pleadings shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation.

Paragraph 10 denies the plaintiff's right to cancel her contract. No facts are set forth as the ground in support of this denial. It is a conclusion of law. Therefore, defective. In contradiction of the defendant's averments in paragraph 9 intimating that the original agreement was modified or terminated, paragraph 10 avers that the same agreement is still in full force and effect.

Paragraph 11 admits the plaintiff wrote defendant a letter on Aug. 26, 1927, and adds, "plaintiff practically revoked this letter." This is vague, indefinite and uncertain.

Paragraph 13 alleges another subsequent agreement made with the plaintiff verbally, without stating that any accounting had ever been made on the basis of such an agreement. This, with the statement in the same paragraph that

590

plaintiff agreed to accept as the basis of the defendant's accounting the settlement with the United States Government in substitution of the terms of the original agreement, is bad pleading, because it contains more than one material allegation and because there is no averment of the defendant's compliance with its terms.

The affidavit of defense is, therefore, defective, in that it is contradictory and inconsistent. Its incorporation of improper matters, insufficient statement of others, its vagueness, evasiveness and prolixity offend the requirements of the Practice Act.

And now, to wit, Jan. 18, 1929, the rule to show cause why the affidavit of defense should not be stricken off is made absolute and the defendant allowed fifteen days within which to file a supplemental affidavit of defense.